IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                               **4:16-CR-00280-JM**

**RODERICK SMART**

### ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 284) is DENIED.

First, Guidelines Amendment 821's zero-history reduction does not apply to Defendant's case because he received a role enhancement under U.S.S.G. § 3B1.1.[1]

Second, a reduction is not permitted because Defendant is on supervised release.[2]

Finally, Defendant's plea agreement provides that he "waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[3]  Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[4]

IT IS SO ORDERED this 26th day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G. § 4C1.1(a)(10) (excluding the application of the zero-point reduction if a defendant received an adjustment under § 3B1.1 (Aggravating Role)).

[2] *See* U.S.S.G. § 1B1.10(b)(2)(C) ("Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

[3] Doc. No. 143.

[4] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).